**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ANTONELLO BOLDRINI,

    Plaintiff,

    v.

MARTIN R. WILSON, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:CV-11-1771

(JUDGE CAPUTO)

(MAGISTRATE JUDGE BLEWITT)

**MEMORANDUM**

Presently before the Court is Magistrate Judge Blewitt's Report and Recommendation (Doc. 46) recommending that Defendants' Motions to Dismiss (Docs. 7; 12) be granted and Plaintiff Antonello Boldrini's ("Boldrini") Complaint be dismissed with prejudice. Boldrini filed timely objections to the Report and Recommendation. Because Boldrini's 42 U.S.C. § 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the motions to dismiss will be granted.

**I. Background**

The facts as alleged in the Complaint are as follows:

In 1985, Boldrini and his wife started a business in Scranton, Pennsylvania as an importer and distributor of "Paint Spray Booth." (*Compl.*, ¶ 3.) The business became exclusive for Italian manufacturer CMC in 1988. (*Id.*) Since 1987, the business has been located in Luzerne County, Pennsylvania. (*Id.*)

In 2008, Pennsylvania State Trooper Carol Ponce orchestrated a criminal action to be brought against Boldrini and his company in order to recover money for a Defendant. (*Id.* at ¶ 5.) Trooper Ponce accused Boldrini of eight (8) felonies in Clearfield County, Pennsylvania. (*Id.*) Boldrini was arrested and incarcerated on the felonies based on false accusations made by Trooper Ponce in the Affidavit of Probable Cause dated October 6,

2008. (*Id*. at ¶ 6.)

Boldrini filed a motion to dismiss the Clearfield County criminal action on July 6, 2009. (*Id*. at ¶ 8.) Thereafter, on July 13, 2009, the Clearfield County District Attorney moved to amend the action to prosecute Boldrini for events that occurred in Union and Bradford Counties. (*Id*. at ¶ 9.) Because the District Attorney did not have proof of authorization from Union and Bradford Counties to prosecute Boldrini, Judge Ammerman ordered the District Attorney to produce authorizations within ten (10) days. (*Id*. at ¶¶ 10-11.)

On September 25, 2009, First Assistant District Attorney of Clearfield County F. Cortez Bell filed letters from Union and Bradford Counties consenting to Boldrini's consolidated prosecution. (*Id*. at ¶ 13.) The authorization from Union County, dated September 24, 2009, was sent by Union County Assistant District Attorney Martin R. Wilson to Clearfield County District Attorney William A. Shaw. (*Id*. at ¶ 18.) The authorization from Bradford County, dated March 10, 2008, was sent by Bradford County District Attorney Daniel J. Barrett. (*Id*. at ¶ 20.)

On September 28, 2009, Boldrini obtained an Affidavit from the Clerk of Court of Union County and Bradford County which affirmed that he had no criminal record in either County. (*Id*. at ¶ 14.) Boldrini then filed the Affidavit with the Clearfield County Court of Common Pleas and the District Attorney's Office. (*Id*. at ¶ 15.)

Essentially, Boldrini alleges that Defendants co-conspired to create false documents that led to his arrest on charges of which he was not guilty.[1] He claims that his rights have been violated under the Fourth, Sixth, and Fourteenth Amendments of the United States

---

[1] Yet, a review of Boldrini's Clearfield County Criminal Docket demonstrates that he pled guilty, was sentenced, and was accepted to the Accelerated Rehabilitative Disposition ("ARD") program on March 16, 2010. (Doc. 8, Ex. 2.)

2

Constitution pursuant to 42 U.S.C. § 1983. With respect to Assistant District Attorney Wilson, District Attorneys Johnson, Barrett, and Shaw, and Trooper Ponce, Boldrini asserts claims for "malicious prosecution, malicious abuse of process, conspiracy, false documents, intentional tort and forged document in official business." (*Compl.*, ¶¶ 21, 22, 24, 26, 27.) As against Defendants Doe and Assistant District Attorney Bell, Boldrini alleges claims for "refusing or neglecting to prevent, conspiracy on malicious prosecution, and intentional tort." (*Id.* at ¶¶ 23, 25.)

## II. Legal Standards

### A.  Standard for a 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*,

3

578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausability." *Bistrian v. Levi*, - - - F.3d - - - , 2012 WL 4335958, at *8 (3d Cir. Sept. 24, 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1949.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are

based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id*. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

**B.      Standard for Reviewing a Report and Recommendation**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa.1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Goney, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D. Pa. 1998).

### III. Discussion

On August 7, 2012, Magistrate Judge Blewitt issued the Report and

Recommendation recommending dismissal of Boldrini's Complaint. (Doc. 46.) Magistrate Judge Blewitt recommends dismissal for a number of reasons. First, Magistrate Judge Blewitt recommends the action be dismissed because the § 1983 claims are *Heck*-barred. Second, Magistrate Judge Blewitt recommends that the claims against Trooper Ponce be dismissed or transferred for improper venue because the claims against her all occurred in Clearfield County, Pennsylvania, which is within the jurisdiction of the United States District Court for the Western District of Pennsylvania. Third, Magistrate Judge Blewitt recommends dismissal of the § 1983 conspiracy claims. Fourth, Magistrate Judge Blewitt recommends that the constitutional claims against Defendants Wilson, Johnson, Doe, Barrett, Bell, and Shaw be dismissed as they are barred by prosecutorial immunity, and that the constitutional claims against Trooper Ponce be dismissed based on sovereign immunity. Lastly, Magistrate Judge Blewitt recommends that the claims be dismissed because they are barred by the two-year statute of limitations.

Because I will adopt the recommendation to dismiss the action pursuant to *Heck v. Humphrey*, I will only address Boldrini's objections to that aspect of the Report and Recommendation.[2] Boldrini argues that the ARD was ordered by Judge Ammerman who is "accused of Treason for conduct procedure [sic] against Boldrini without Authority of the Law." (Doc. 47.) Essentially, he asserts that Judge Ammerman lacked authority to give Defendants ten days to "fabricate, 'finding' [sic] papers" to consolidate the Clearfield, Union,

---

[2] Boldrini has also sought leave to file an amended complaint. His most recent proposed amended complaint (Doc. 57) is 208 pages in length, contains 2,687 paragraphs, and seeks to add 74 additional defendants to this action. Suffice it to say, the proposed amended complaint stands in direct violation of Rule 8 of the Federal Rules of Civil Procedure because it does not contain "a *short and plain statement* of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (emphasis added). Furthermore, the proposed amended complaint does not cure the fact that Boldrini's § 1983 claims against Defendants Wilson, Johnson, Barrett, Shaw, Ponce, Doe, and Bell are *Heck*-barred.

6

and Bradford County prosecutions.

Boldrini's objections will be overruled. Boldrini has not demonstrated that his conviction has been invalidated as a result of Judge Ammerman's alleged unconstitutional conduct. Thus, as set forth in detail by Magistrate Judge Blewitt, Boldrini's § 1983 claims are foreclosed by the Supreme Court's decision in *Heck v. Humphrey* and the Third Circuit's decision in *Gilles v. Davis*, 427 F.3d 197 (3d Cir. 2005). In *Heck*, the Supreme Court held that if the success of a § 1983 damages suit brought by a plaintiff "would necessarily imply the invalidity of his conviction or sentence," the plaintiff may only bring the claim where the conviction or sentence has been invalidated. *Heck*, 512 at 484, 114 S. Ct. 2364. This holding has been referred to as the "favorable termination rule." *See Torres v. Fauver*, 292 F.3d 141, 147 (3d Cir. 2002).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 at 486-87, 114 S. Ct. 2364.

In *Gilles v. Davis*, the plaintiff, while videotaping his partner's inflammatory preaching on a university campus, was arrested and charged with disorderly conduct, resisting arrest, and failure of disorderly persons to disperse; he then entered the Accelerated Rehabilitative Disposition ("ARD") program, which permits expungement of the criminal record after successful completion of a probationary term. *Gilles*, 427 F.3d at 202. After completing this probationary period and having his record expunged, Plaintiff brought a § 1983 action claiming that the arresting officers and various university administrators had violated his First Amendment rights. *Id.* at 208–09.

The Third Circuit held that completion of the ARD program was not a favorable

7

termination under *Heck*, reasoning that the ARD program is a court-supervised compromise that "imposes several burdens upon the criminal defendant not consistent with innocence," including a probationary period during which a violation of the program's terms may result in prosecution. *Id*. at 211–212. Therefore, participation in the ARD program barred plaintiff's claim. *Id*. at 212.

As with the plaintiff in *Gilles*, Boldrini's decision to apply to the ARD program and the state court's acceptance of Boldrini into the ARD program bars his § 1983 claims. Thus, Boldrini's constitutional claims will be dismissed.

Boldrini's state-law claims will also be dismissed. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim or claims if the district court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). Since the § 1983 claims will be dismissed, the sole basis of the Court's jurisdiction under 28 U.S.C. § 1331 in this action, supplemental jurisdiction over the remaining claims will be declined.

Lastly, Boldrini's request to file an amended complaint will be denied. Although leave to amend should be "freely" granted "when justice so requires," Fed. R. Civ. P. 15(a)(2), denial of leave to amend is appropriate where amendment would be futile. *See, e.g., Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir.2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id*. (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). Here, as an amendment to the Complaint would not alter the fact that Boldrini's § 1983 claims against Defendants are foreclosed by *Heck*, amendment would be futile. The federal claims will therefore be dismissed with prejudice.

### IV. Conclusion

For the above stated reasons, the Report and Recommendation will be adopted, the

motions to dismiss will be granted, and the Complaint will be dismissed.

An appropriate order follows.


December 26, 2012                                  /s/ A. Richard Caputo
Date                                               A. Richard Caputo
                                                   United States District Judge