**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ANTONELLO BOLDRINI,

    Plaintiff,

       v.

MARTIN R. WILSON, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:CV-11-1771

(JUDGE CAPUTO)

(MAGISTRATE JUDGE BLEWITT)

## MEMORANDUM

Presently before the Court is Plaintiff Antonello Boldrini's Motion for Reconsideration (Doc. 65) of my December 27, 2012 Order (Doc. 64) dismissing his 42 U.S.C. § 1983 claims with prejudice. Because Plaintiff has not established that reconsideration is necessary to correct a clear error of law or to prevent manifest injustice, his motion will be denied.

## I. Background

Plaintiff commenced this action on September 23, 2011 against Martin R. Wilson, D. Peter Johnson, Jane Doe, Daniel Barrett, Cortez Bell, III, William A. Shaw, Jr., and Carol Ponce. Essentially, Plaintiff alleges that Defendants co-conspired to create false documentation that led to his arrest on charges of which he was not guilty. According to Plaintiff, Defendants violated his constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

Defendants subsequently moved to dismiss Plaintiff's Complaint. On August, 7, 2012, Magistrate Judge Blewitt issued a Report and Recommendation recommending that the Complaint be dismissed. Magistrate Judge Blewitt recommended that the constitutional claims be dismissed with prejudice because the § 1983 claims are *Heck*-barred. Alternatively, Magistrate Judge Blewitt recommended that the claims against Trooper Ponce be dismissed or transferred for improper venue, that the § 1983 conspiracy claims be

dismissed, that the constitutional claims be dismissed against Defendants Wilson, Johnson, Doe, Barrett, Bell, and Shaw as they are barred by prosecutorial immunity, that the constitutional claims be dismissed as to Trooper Ponce based on sovereign immunity, and that the § 1983 claims be dismissed as untimely.

As set forth in the December 27, 2012 Memorandum, I adopted Magistrate Judge Blewitt's recommendation to dismiss Plaintiff's § 1983 claims pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) without addressing the Magistrate Judge's remaining recommendations. Specifically, I noted that Plaintiff was challenging the lawfulness of his conviction and sentence based upon the state court's lack of jurisdiction and/or fraudulent documentation. Nevertheless, because Plaintiff pled guilty, was sentenced, and was accepted to the Accelerated Rehabilitative Disposition ("ARD") program on March 16, 2010, I determined that Plaintiff's § 1983 claims were *Heck*-barred.

Plaintiff now seeks reconsideration of my determination that his claims are barred by *Heck*. In particular, he argues that "this case is not the normal case of ARD issue [sic] by an Authorized Court with Jurisdiction and authorization to issue such order ARD [sic]." (Doc. 66.) Essentially, Plaintiff contends that the state court lacked jurisdiction over his criminal action, therefore rendering his criminal sentence void. As Plaintiff's motion for reconsideration has now been fully briefed, it is ripe for disposition.

## II. Discussion

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or

2

fact or to prevent manifest injustice." *Max's Seafood Café, by Lou–Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05–1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, reconsideration is an extraordinary remedy, and should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Here, Plaintiff has failed to demonstrate that reconsideration is necessary to correct a clear error of law or to prevent manifest injustice. Rather, he merely raises the same arguments that have previously been found unpersuasive.

Moreover, as discussed in the December 27, 2012 Memorandum, Plaintiff's decision to apply to the ARD program, and the state court's acceptance of him into the ARD program, bars his § 1983 claims, *see Gilles v. Davis*, 427 F.3d 197, 211-12 (3d Cir. 2005), unless Plaintiff's state court conviction and sentence has "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487, 114 S. Ct. 2364. In that regard, although Plaintiff claims that his conviction is void because it was entered by a court without jurisdiction, he has simply not shown that his conviction or sentence was reversed or otherwise invalidated. *See, e.g., Holmes v. Soward*, No. 06-2037, 2006 WL 2168575, at *2 (S.D. Tex. July 31, 2006) ("a favorable judgment on plaintiff's claim that his 1980 conviction is void would necessarily imply the invalidity of such conviction. Plaintiff has not alleged that his aggravated robbery conviction has been overturned, invalidated, or impugned by a writ of

habeas corpus. Therefore, his claim that his 1980 conviction is void is not cognizable under *Heck*."). Thus, Plaintiff's § 1983 claims are barred by the "favorable termination rule." *Gilles*, 427 F.3d at 211-12.

### III. Conclusion

For the above stated reasons, Plaintiff's motion for reconsideration will be denied.[1]

An appropriate order follows.


February 19, 2013
Date

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

---

[1] And, since the motion for reconsideration will be denied and the action has been dismissed, Plaintiff's outstanding discovery motions (Docs. 72-74; 76-77) will be denied as moot.