**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ANTONELLO BOLDRINI,

    Plaintiff,

    v.

MARTIN R. WILSON, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:CV-11-1771

(JUDGE CAPUTO)

**MEMORANDUM**

Presently before the Court is Plaintiff Antonello Boldrini's ("Boldrini") Motion for Relief from Judgment. (Doc. 119.) Boldrini commenced this action against Defendants Martin R. Wilson, D. Peter Johnson, Jane Doe, Daniel Barrett, F. Cortez Bell, III, William A. Shaw, Jr., and Carol Ponce (collectively, "Defendants") on September 23, 2011. (*Compl.*) Defendants moved to dismiss the Complaint, (Docs. 7; 12), and, on August 7, 2012, Magistrate Judge Thomas M. Blewitt issued a Report and Recommendation (Doc. 46) recommending that Boldrini's constitutional claims be dismissed with prejudice and the Court decline to exercise supplemental jurisdiction over Boldrini's state law claims. Boldrini filed objections to the Report and Recommendation. (Docs. 47; 48.) Once the objections were fully briefed, I adopted the Report and Recommendation and dismissed Boldrini's constitutional claims with prejudice. (Docs. 63; 64.)

Thereafter, Boldrini filed multiple motions for reconsideration and for discovery. (Docs. 65; 72-77; 95; 98; 103.) These motions were denied. (Docs. 93; 97; 109; 116.)

Boldrini then filed an appeal with the United States Court of Appeals for the Third Circuit. (Doc. 110.) Boldrini appealed the orders dismissing the Complaint, denying his motion to amend his complaint, denying his motions for reconsideration, and denying his requests for discovery. *See Boldrini v. Wilson*, - - - F. App'x - - -, 2013 WL 5663874, at *1

(3d Cir. Oct. 18, 2013). The Third Circuit, on October 18, 2013, affirmed the dismissal of the Complaint and the denial of Boldrini's motions to amend, for reconsideration, and for discovery. *See id*. at *1-3.

On November 14, 2013, Boldrini filed a petition for rehearing en banc in the Third Circuit. The Third Circuit denied the petition on December 6, 2013. On December 16, 2013, the Third Circuit issued a mandate.

Following the issuance of the mandate, Boldrini, on December 26, 2013, filed the instant motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. 119.) Boldrini argues that he is entitled to relief from judgment pursuant to Rule 60(b)(2) based on "newly discovered evidence". He also contends that relief from judgment is warranted as a result of "fraud" under Rule 60(b)(3).

In opposing Boldrini's motion for relief from judgment, Defendants raise two related arguments. First, they argue that the purported "newly discovered evidence" is not in fact "new". According to Defendants, this evidence was presented to the Third Circuit on appeal. *See Boldrini*, 2013 WL 5663874, at *2 ("Boldrini also presented what he called newly discovered evidence- a copy of his criminal record that does not list any of the felonies with which he was charged."). Defendants also note that the purported "newly discovered evidence" attached to the instant motion, a certified letter from the Pennsylvania State Police Central Repository- Expungement Unit, was, in fact, presented to the Third Circuit by Boldrini as an exhibit to his petition for rehearing en banc. Relatedly, Defendants argue that because the "newly discovered evidence" was included in his appeal, this Court lacks jurisdiction to alter the mandate of the Third Circuit.

Boldrini's motion for relief from judgment will be denied. A "district court is without jurisdiction to alter the mandate of [the Third Circuit] on the basis of matters included or includable in [a party's] prior appeal." *Seese v. Volkswagenwerk*, A.G., 679 F.2d 336, 337

(3d Cir. 1982). Based on *Seese* and the Supreme Court's decision in *Standard Oil v. United States*, 429 U.S. 17, 97 S. Ct. 31, 50 L. Ed. 2d 21 (1976), the Third Circuit has explained that a "a Rule 60(b) motion based on matters that were before the Court on appeal, . . . may not be reviewed subsequently by the district court," while "a Rule 60(b) motion based on matters that came to light after the appellate court has issued a decision, . . . may be reviewed by the district court." *Bernheim v. Jacobs*, 144 F. App'x 218, 222 (3d Cir. 2005). Here, the "newly discovered evidence" presented by Boldrini was included in his appeal to the Third Circuit. In its opinion affirming the dismissal of Boldrini's action, the Third Circuit rejected Boldrini's claim that "newly discovered evidence" provided a basis for reconsideration of the dismissal of his constitutional claims. *See Boldrini*, 2013 WL 5663874, at *2. Then, after his appeal was denied, Boldrini filed a petition for rehearing en banc in the Third Circuit. Attached to that petition was the certified letter that Boldrini claims warrants relief from judgment as "newly discovered evidence". The Third, as noted, denied the petition. Because this matter was presented on appeal, the Court lacks jurisdiction to alter the Third Circuit's mandate. Moreover, because Boldrini's allegations of fraud and falsified documents were included in his appeal to the Third Circuit, the Court lacks jurisdiction to address these matters as well. Boldrini's motion for relief from judgment will therefore be denied.

    An appropriate order follows.

| | |
|---|---|
| February 28, 2014 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |