# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTONELLO BOLDRINI,

    Plaintiff,

v.

MARTIN R. WILSON, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:CV-11-1771

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before the Court is Plaintiff Antonello Boldrini's Motion for Recusal and to Stay Proceeding. (Doc. 143.) Plaintiff seeks to have this action stayed pending a determination of his request that I recuse myself from hearing this case and any other case in which he is involved. Plaintiff's sole basis for seeking recusal relates to a "Verified Private Criminal Complaint" he filed with the United States Court of Appeals for the Third Circuit on October 11, 2013. In that complaint, I am charged with the "commission of felony as accessory after the fact."[1] Essentially, Plaintiff contends that I committed a crime by ruling against him in this civil action.

Pursuant to 28 U.S.C. § 144, a federal district court judge must recuse if a party "files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against [that party] or in favor of any adverse party." Additionally, irrespective of whether a party files a motion for recusal, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

Plaintiff's motion will be denied. As I have explained in another case,

> Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Almost invariably, they are proper grounds for appeal, not for recusal. "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

---

[1] The "Verified Private Criminal Complaint" sets forth the same charges against Magistrate Judge Thomas M. Blewitt as well.

*Morris v. Kesserling*, No. 09-1739, 2012 WL 278727, at *2 (M.D. Pa. Jan. 31, 2012) (internal citation omitted) (quoting *Liteky v. U.S.*, 510 U.S. 540, 554-55, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)); *see also Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("a party's displeasure with legal rulings does not form an adequate basis for recusal"). For the reasons explained throughout this litigation, Plaintiff is unable to establish his claims against Defendants. Such a determination does not demonstrate bias or partiality warranting recusal.

Moreover, a litigant "cannot manufacture grounds for recusal by making outlandish accusations against the presiding judge or vague accusations of conspiracy against him." *Forrest v. Sauers*, No. 12-318, 2013 WL 1857540, at *2 (W.D. Pa. May 2, 2013) (citing *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1355-57 (3d Cir. 1990)); *see also United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks."). Here, Plaintiff's allegations of criminal wrongdoing are without foundation and do not justify recusal.[2]

---

[2] Judge Browning of the United States District Court for the District of New Mexico was presented with a similar factual scenario in *Sain v. Snyder*, No. 08-1019, 2009 WL 1329520 (D.N.M. Apr. 6, 2009). There, the plaintiff indicated that he intended to bring criminal charges against Judge Browning. *See id.* at *1. Judge Browning refused to recuse himself, noting that "although Sain also told the Clerk's Office that he will seek criminal charges, Sain, a private citizen, has no authority on his own to initiate any criminal charges and the Court sees no grounds for such charges even if Sain could raise them. Nor is the Court aware of any other basis for the Court to recuse itself at this time." *Id*. at *5; *see also O'Dell v. United States Fed. Gov't*, No. 06-9156, 2007 WL 101037 at *3 n.7 (E.D. La. Jan. 8, 2007) (denying request for recusal notwithstanding criminal charges of conspiracy filed against the judge because "[d]espite these allegations, the Court does not find any reasons to conclude that its impartiality in this case might reasonably be questioned"); *In re Hassell*, No. 04-494, 2004 WL 3201007, at *1-2 (N.D. Tex. Oct. 14, 2004) (denying recusal motion despite the fact that criminal charges were filed against presiding judge because "Hassell has attempted to inject frivolous grounds for recusal into these consolidated bankruptcy appeals by naming me as a party in civil litigation and by making

Lastly, Plaintiff's action has been dismissed, and the dismissal of this action has been affirmed by the Third Circuit. And, Plaintiff's subsequent efforts to obtain relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure have been denied. Accordingly, there is no pending action which would warrant granting Plaintiff the relief sought.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Antonello Boldrini's Motion for Recusal and to Stay Proceeding (Doc. 143) is **DENIED**.

May 1, 2014  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge

---

criminal allegations against me. As stated above, however, recusal is not proper when it is based upon the judge's rulings against the movant, nor is it proper when based on the existence of litigation between the movant and the judge.").