UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONELLO BOLDRINI, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:11-1771 |
| v. | : | (JUDGE MANNION) |
| MARTIN R. WILSON, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the court is the October 8, 2020 motion for relief from the October 3, 2019 Memorandum Order entered by the district court, (Doc. 183), which was filed, *pro se*, by plaintiff Antonello Boldrini, pursuant to Fed.R.Civ.P. 60(b)(1)-(6).[1] (Doc. 201). In his motion and brief in support, (Doc. 203), Boldrini alleges that the Memorandum Order should be set aside and that this case should be re-opened based on newly discovered evidence proving that the judgments entered against him by the district court and by the Third Circuit were procured by "*fraud misrepresentation and misconduct by an opposing party* herein Official of the Commonwealth and Office of the Attorney General of Pennsylvania." (Italics in original). He also alleges that

---

[1]This case was previously assigned to the Honorable A. Richard Caputo and recently reassigned to the undersigned.

under Rule 60(b)(3) he is entitled to relief since "*applying the judgment it (sic) prospectively is no longer equitable* on the ground that all Pennsylvania officials … involved in [his] matter acted purposely Racketeering Influenced as Corrupted Organization protected by former Presidents and Vice President that have connection in N.E. PA." (Italics in original). As such, Boldrini requests the court to issue an immediate injunction against the defendants and the Commonwealth of Pennsylvania "of [$20 million] USD to be paid in tranches and which are nothing to do with what will be the request at trial to be definite."

For the following reasons, the motion will be **DISMISSED WITH PREJUDICE**.[2]

---

[2]Since defendants state the correct detailed background of this case in their brief, which was initiated over nine years ago on September 23, 2011, and since the court takes judicial notice of the record as well as the prior decisions issued by the district court as well as the Third Circuit, the court will not repeat it in detail herein. Suffice to say that Boldrini contends that the district court and the Third Circuit erroneously found that his constitutional claims challenging his underlying criminal prosecution were Heck barred since the criminal charges filed against him were resolved through ARD, which the Third Court held "[did] not qualify as a favorable termination for these purposes." (Doc. 202-1 at 3) (citing Gilles v. Davis, 427 F.3d 197, 211 (3d Cir. 2005)). Boldrini raises baseless allegations that his ARD was "falsified", that criminal charges were never filed against him, and that he was the victim of "extortion" by the Commonwealth defendants who are "criminals" and should be "put in jail." He further raises baseless allegations that judges of this court who previously issued reports and decisions in his case were part of a conspiracy to commit "fraud in the court" when they referred to his criminal charges.

## I. STANDARD OF REVIEW

Boldrini's motion is filed pursuant to Rule 60(b), which provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

## II. DISCUSSION

Boldrini's motion relies upon all six subsections of Rule 60(b).

Initially, to the extent Boldrini alleges that the courts, both the district court and the Third Circuit, made legal errors in their prior decisions, "[t]he Third Circuit has acknowledged that 'some courts have held that legal error without more cannot be corrected under Rule 60(b),' while other courts 'have held that legal error may be characterized as 'mistake' within the meaning of Rule 60(b)(1), but only where the motion is made ... within the time allowed for appeal.'" Pallante v. Those Certain Underwriters at Lloyd's London, 2019

WL 2024951, *2 (E.D. Pa. May 8, 2019) (quoting Sanders v. Downs, 622 F.App'x 127, 129 (3d Cir. 2015)). However, since Boldrini "raises [his] [instant] argument[s] after [his] appeal[s], [see Docs. 156, 188 & 197], [] [they] could not be brought under Rule 60(b)(1)." *Id*.

Also, insofar as Boldrini is "relying on [Rule] 60(b)(6) which affords relief for 'any other reason that justifies relief,' that is for a reason not encompassed within Rule 60(b)(1) through Rule 60(b)(5)", *id*. (citations omitted), his motion fails since "[t]o obtain relief under 60(b)(6) requires a showing of "extraordinary circumstances", *id*., and he has clearly not made such a showing.

Finally, as the defendants argue and as the record indicates, the court does not have subject matter jurisdiction over Boldrini's motion and will not reach the merits of his motion because, "[o]ur Court of Appeals has held that when a case has been through the appellate process, the district court does not have jurisdiction to grant a Rule 60(b) motion as to 'matters included or includable in [the party's] prior appeal.'" *Id*. at *3. "To grant such a motion would in effect alter the appellate court's mandate." *Id*. (citing Seese v. Volkswagenwerk, A.G., 679 F.2d 336, 337 (3d Cir. 1982)). As such, "[t]he district court may properly decide a Rule 60(b) motion only when it is 'based

- 4 -

on matters that come to light after the appellate court has issued a decision.'" *Id.* (quoting Bernheim v. Jacobs, 144 F.App'x 218, 222 (3d Cir. 2005)).

Here, as defendants recount in their brief, (Doc. 202 at 16-17), the instant motion is Boldrini's sixth Rule 60(b) motion challenging the district court's Order dismissing this case in December of 2012, its subsequent Orders in February 28, 2014 and August 5, 2016 denying his motions for relief from judgment and/or to vacate judgment and/or set aside judgment as well as his motions for reconsideration. Boldrini's other two motions requested relief from the district court's Orders of September 18, 2019, October 3, 2019 and November 20, 2019 which denied his motions to vacate judgment and/or set aside judgment.[3]

This case is similar to Bernheim, in which "[t]he Court of Appeals opined that the district court did not have jurisdiction even to address plaintiff's arguments because all of them could have been made in his earlier appeal", *id.* at *3 (citing Bernheim, 144 F.App'x at 222), and to Pallante. In Pallante, i*d.*, the court explained:

> As in Bernheim, the arguments [plaintiff] raises in h[is] Rule 60(b) motion were all "includable" in h[is] appeal to the Court of Appeals. Seese, 679 F.2d at 337. [Boldrini's instant arguments,

---

[3]Since defendants correctly state the prior motions Boldrini filed in their brief, and since Boldrini and defendants attach some of the district court's and Third Circuit's decisions to their filings, the court need not repeat them herein.

as detailed in the defendants' brief, Doc. 202 at 16-19], and this court's allegedly erroneous decisions were issues available and known to [him] at the time [he] filed [his] notice[s] of appeal …." [H]e does not, and cannot, suggest that these issues had "come to light after the appellate court has issued [its] decision[s]." Bernheim, 144 F.App'x at 222.

Further, "Rule 60(b) is not a substitute for an appeal." Id. (quoting Page v. Schweiker, 786 F.2d at 154).

Thus, the court will dismiss with prejudice Boldrini's motion for relief from judgment under Rule 60(b) since the court lacks jurisdiction.

### III. CONCLUSION

In light of the foregoing, Boldrini's motion for relief from judgment under Rule 60(b), **(Doc. 201)**, will be **DISMISSED WITH PREJUDICE**. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 16, 2020**
11-1771-01

- 6 -