UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ANTONELLO BOLDRINI,              :

      Plaintiff              :        CIVIL ACTION NO. 3:11-1771

   v.                              :            (JUDGE MANNION)

MARTIN R. WILSON, *et al.*,      :

      Defendants            :

## MEMORANDUM

**I.  BACKGROUND**

Presently before the court is the December 1, 2020 motion of plaintiff Antonello Boldrini for "Reconsideration of Judge Mannion's Fabricated Orders." (Doc. 210). The so-called "fabricated Orders" to which Boldrini refers are the court's November 16, 2020 Memorandum and Order, (Docs. 207 & 208), dismissing with prejudice his Rule 60(b) motion for relief from judgment, (Doc. 201), regarding the October 3, 2019 Memorandum Order entered by the district court, (Doc. 183).[1]

For the following reasons, the motion will be **DENIED**.[2]

---

[1] This case was previously assigned to the Honorable A. Richard Caputo and recently reassigned to the undersigned.

[2] Also, since the lengthy procedural history of this case is detailed in the court's November 16, 2020 Memorandum and in the defendants' current opposition brief, (Doc. 211), it is not repeated herein.

## II.     STANDARD OF REVIEW

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); Chesapeake Appalachia, LLC v. Scott Petroleum, LLC, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014) (Generally, reconsideration motions should be granted sparingly.). "The standard for granting a motion for reconsideration is a stringent one ... [A] mere disagreement with the court does not translate into a clear error of law." Chesapeake Appalachia, LLC, 73 F. Supp. 3d at 491 (quoting Mpala v. Smith, 2007 WL 136750, at *2 (M.D. Pa. Jan. 16, 2007), aff'd, 241 Fed.Appx. 3 (3d Cir. 2007)) (alteration in original).

## III. DISCUSSION

In its November 16, 2020 decision, the court found that Boldrini's Rule 60(b) motion was denied since he failed to make a showing of "extraordinary circumstances", and since the court did not have subject matter jurisdiction over his motion.

In his motion for reconsideration, Boldrini offers nothing new outside what he previously presented and argued, and largely rehashes the reasons why he believes he is entitled to relief from the court's October 3, 2019 Memorandum Order. In fact, Boldrini merely expands upon his scurrilous, unfounded, and baseless allegations that the "Commonwealth of PA is a criminal Organization" that "operates in conspiracy with the Federal Court system of Pennsylvania." He also repeats his themes found throughout his filings in this case that defendants have "lied" to the state and federal courts and, that they are "professional criminal[s]" and that "they should be executed." (Doc. 212).

A motion for reconsideration is not a proper vehicle for such contentions as Boldrini raises. *See* Eshun v. Welsh, 2019 WL 3022959 (M.D. Pa. April 10, 2019). Indeed, it is well-settled that a motion for reconsideration "may not be used to give a dissatisfied party a chance to "[change] theories and try again," obtaining a "'second bite at the apple.'" Kropa v. Cabot Oil &

Gas Corp., 716 F.Supp.2d 375, 378 (M.D. Pa. 2010) (citation omitted). Also, simply because Boldrini is unhappy with the result of the court's November 16, 2020 opinion "is an insufficient basis to grant [him] relief." *See id.* (citing Ogden v. Keystone Residence, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002)).

The burden for reconsideration is on the moving party and Boldrini does not demonstrate that any of the three grounds exist in his case which are required for the court to grant reconsideration. To the extent that Boldrini argues this court committed procedural errors regarding its consideration and characterizations of the briefs filed by the parties with respect to his Rule 60(b) motion, such matters were within the court's discretion and, as defendants point out, they "afford[] no grounds for vacating this Court's Orders", especially since there was no prejudice to Boldrini and no due process violation since the court clearly lacked jurisdiction over his motion. (Doc. 211 at 13).

Thus, Boldrini's motion does not present any valid basis for reconsideration.

## IV. CONCLUSION

In light of the foregoing, Boldrini's motion for reconsideration, **(Doc. 210)**, will be **DENIED**.

An appropriate order shall follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 19, 2020**
11-1771-02